**Jiri HOUDEK, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–3551.

United States Court of Appeals, Sixth Circuit.

Feb. 20, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

*ORDER*

Jiri Houdek, a native of the Czech Republic currently residing in Michigan, petitions pro se for review of an order of the

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Board of Immigration Appeals dismissing his appeal from a decision of an immigration judge denying his application for asylum under 8 U.S.C. § 1158(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Houdek was born in Czechoslovakia in 1970, in a part of the country which is now part of the Czech Republic. After the dissolution of Czechoslovakia, the Czech Republic enacted a law apparently intended to deny citizenship to Gypsies, which required residents whose parents were born in the Slovak Republic to apply for Czech citizenship and prove that they had no criminal convictions for five years and had resided in the Czech Republic for two years. Because one or both of Houdek's parents had been born in the Slovak Republic, this law applied to him. However, he either was unaware or simply failed to apply for Czech citizenship. He argues that he first became aware that he was not considered a Czech citizen in 1995, when his identification card was stolen and he was told that he could not get another. However, Houdek had a passport from the Czech Republic identifying him as a Czech national. With this passport, he travelled to the United States and back in 1995, and again in 1997, with his fiancee and her son, where they were married. Houdek stated that he returned to the Czech Republic after his marriage to arrange to have his mother's automobile shipped to the United States. The authorities detained him for eight hours while they determined whether his mother was required to pay a $10,000 tax on the automobile, ultimately concluding that she did not because she lived in the United States. While investigating Houdek's paperwork, he alleged the authorities told him they had discovered that he was not a Czech citizen and that they would be looking into the situation further. However, Houdek was permitted to drive the car to Germany for shipping, and return to the Czech Republic, from which he again travelled to this country on a visitor's visa.

Houdek, his wife and stepson overstayed their visas and were ordered to show cause why they should not be removed from the country. They conceded removability, but applied for asylum (also construed as an application for withholding of removal under 8 U.S.C. § 1231(b)(3)). A hearing was held before an immigration judge, who denied the application, but granted a period of voluntary departure. The Board of Immigration Appeals dismissed Houdek's appeal, and this timely petition for review followed. Houdek reasserts his claim that he is entitled to asylum because he fears persecution in the Czech Republic based on his lack of citizenship. He also argues that the immigration judge subjected him to ill-treatment during the hearing, and complains that the INS has refused to return his passport or to issue him a work permit during the pendency of his application for asylum.

In order to be eligible for asylum, Houdek was required to establish that he is a refugee, defined as one who suffered past persecution or has a well-founded fear of future persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). This court will grant a petition for review of the denial of an asylum application only where the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Ivezaj v. INS,* 84 F.3d 215, 221 (6th Cir.1996). The evidence of record in this case does not compel a finding that Houdek has a well-founded fear of persecution.

Houdek did not establish past persecution. He testified that he was unable to obtain an identification card, and that he was detained for eight hours while the authorities investigated whether he could ship his mother's automobile to the United States. Nothing was presented which would establish that Houdek had been persecuted in the Czech Republic. His alleged fear that he would be persecuted if he returned is objectively unreasonable. The evidence submitted showed that Houdek could have applied for Czech citizenship, and still could do so, although he testified that he did not believe he should be required to "beg" for citizenship because he was born in the Czech Republic. Statelessness alone does not entitle an applicant to asylum; a showing of persecution must be made. *Faddoul v. INS*, 37 F.3d 185, 190 (5th Cir.1994).

Because Houdek failed to establish eligibility for asylum, he is necessarily unable to meet the more rigorous standard required to be entitled to withholding of removal under 8 U.S.C § 1231(b)(3). *Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir.1998). The remaining arguments raised in Houdek's brief are meritless. The transcript of the asylum hearing does not support his allegation of ill-treatment by the immigration judge. Houdek's complaints regarding the failure to return his passport and to issue him a work permit are not matters over which this court has jurisdiction.

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.